IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| In Re: Sonya Hawthorne Briggs, | ) | Civil Action No.: 6:13-2985-HMH-JDA |
| | ) | |
| Sonya Hawthorne Briggs, | ) | |
| | ) | |
| Appellant, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gretchen D. Holland, *Chapter 13 Trustee*, | ) | |
| | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

Appellant brought this action as an appeal from the Bankruptcy Court. [Doc. 1.] On November 4, 2013, the Court filed an Order setting forth a briefing schedule in this case. [Doc. 8.] Appellant's brief was due by November 18, 2013. [*Id.*] Appellant failed to file her initial brief.

As Appellant is proceeding pro se, the Court filed an Order on November 20, 2013, giving Appellant through December 10, 2013, to file her brief. [Doc. 11.] Appellant was specifically advised that if she failed to file her brief, this action would be dismissed for failure to prosecute. [*Id.*] However, Appellant has failed to file her initial brief.

Based on the foregoing, it appears Appellant no longer wishes to pursue this action. "The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Federal courts possess an inherent authority to

dismiss cases with prejudice *sua sponte*." *Gantt v. Md. Div. of Corr.*, 894 F. Supp. 226, 229 (D. Md. 1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Indust., Inc.*, 783 F.2d 1175 (4th Cir. 1986); *Zaczek v. Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1074 (E.D. Va.1991)).

The Fourth Circuit, in *Davis v. Williams*, recognizing that dismissal with prejudice is a harsh sanction that should not be invoked lightly, set forth four factors for determining whether Rule 41(b) dismissal is appropriate:

(1) the degree of personal responsibility on the part of the plaintiff;

(2) the amount of prejudice to the defendant caused by the delay;

(3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and

(4) the effectiveness of sanctions less drastic than dismissal.

588 F.2d 69, 70 (4th Cir. 1978) (citing *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976)).  Subsequently, however, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test," and whether to dismiss depends on the particular circumstances of the case.  *Ballard*, 882 F.2d at 95.  For example, in *Ballard*, the court reasoned that "the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case from those cited by appellant. . . .  In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse."  *Id.* at 95–96.

Because Appellant is proceeding pro se, she is personally responsible for her failure

to file a brief.  Appellant has had over two months to file her initial brief.  Under the briefing schedule, Appellant's brief was due by November 18, 2013.  The Court filed an Order, giving Appellant additional time—until December 10, 2013—to file her brief, and warning her the case would be dismissed pursuant to Rule 41(b) if she failed to file a brief. However, Appellant has failed to file a brief.  Because Appellant has already ignored Court Orders and deadlines, sanctions less drastic than dismissal would not be effective.

Wherefore, based upon the foregoing, the Court recommends the case be DISMISSED pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 7, 2014
Greenville, South Carolina